UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19CR451 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| LEE ADIERE BARNES, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Lee Adiere Barnes' Motion for Bond Pending Sentencing Hearing. (Doc. 18). For the following reasons, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

On July 23, 2019, a Grand Jury indicted Defendant with five counts stemming from Defendant's possession of firearms as a felon and for distributing narcotics. (Doc. 1). Count 2, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) 846, mandates a ten-year minimum term of imprisonment. On December 2, 2019, Defendant pleaded guilty to the Indictment, including Count 2. (Non-Doc. Entry, 12/2/2019). A Sentencing Hearing has been set for May 20, 2020.

On April 9, 2020, Defendant filed the current Motion asking for bond prior to Sentencing. (Doc. 18). The Government responded on April 13, 2020 asking the Court to deny Defendant's Motion. (Doc. 19).

## II. LAW & ANALYSIS

A district court "shall order a defendant detained pending sentencing if he has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *United States v. Christman*, 596 F.3d 870, 870 (citing 18 U.S.C. § 3143(a)(2)). An exception to this general rule exists if a judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community and (i) the judge finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) the attorney for the government has recommended that no sentence of imprisonment be imposed on the person. *Id.* at § 3143(a)(2)(A)-(B). Accordingly, § 3143(a) "presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

However, "[a] person subject to detention pursuant to section 3142(a)(2) … may be ordered released … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). A district court may make a finding of exceptional circumstances. *Christman*, 596 F.3d at 871. But before undergoing an exceptional circumstance analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released. *United States v. Christman*, 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010).

Here, Defendant has not overcome the presumption of dangerousness mandated by § 3143(a). Defendant pleaded guilty to the Indictment, which requires a minimum ten-year term of imprisonment. The Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As an initial matter, § 3143(a)(2)(i)-(ii) requires the Court to dismiss Defendant's Motion.  Since he pleaded guilty, it is unlikely a motion for acquittal or motion for new trial is forthcoming.  Moreover, the Government has not recommended that no sentence of imprisonment be imposed.  Since Defendant cannot satisfy these necessary preconditions, Defendant's Motion fails.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. Rather, Defendant claims he can reside with his mother under electronic monitoring where he "will not flee and will not pose a danger to any person or the community."  (Doc. 18, PageID: 112).  However, Defendant's history suggests otherwise.  He has a lengthy criminal history, including violations of parole and court ordered supervision.  One of those violations occurred when Defendant was confined to home.  Moreover, he committed the instant offenses while under State supervision.  In addition to his disobedience of court orders, he is a danger to the community.  Here, Defendant pleaded guilty to distributing narcotics in the community, including to recovering addicts outside a treatment facility.  Defendant's history and current crimes more than substantiate his danger to the community and likelihood of flight.  Since Defendant has not made a serious attempt to rebut this finding, Defendant remains both a danger to the community and a flight risk.

Rather than focusing on his danger to the community or likelihood of flight, Defendant asks the Court to order bond because "the pandemic caused by the relentless spread of the COVID-19 virus provides clear and convincing evidence that [Defendant] should be released pending sentencing…[and that the] pandemic is an exceptional circumstance."  (Doc. 107, PageID: 107-08).  While the Court agrees that COVID-19 is "exceptional" in the normal sense of the word, it does not justify releasing Defendant pending his Sentencing.  Defendant does not

allege he contracted COVID-19. And while he alleges he has "apnea and high blood pressure," he never mentioned any previous medical condition to Pretrial Services of this sort.

Moreover, Defendant's Motion speculates that he will contract the virus. But 'exceptional reasons' cannot be based on probability, conjecture, intuition or speculation. *Christman*, 712 F. Supp. 2d at 644. Rather, the exceptional reasons must be "clearly shown" to render detention inappropriate. *Id.* Defendant's production of the Warden's letter to inmates does not change the analysis. (*See* Doc. 18-1). In the letter, the Warden explains that a contractor for the facility tested positive for the COVID-19 virus. (Doc. 18-1, PageID: 114). But the Warden specifically mentions that Defendant is not a person who should be quarantined because of protentional exposure. This letter therefore, demonstrates that the facility is taking precautions to limit the spread of COVID-19.[1] (Doc. 19, PageID: 128-34).

The Court recognizes Defendant's concerns due to COVID-19. But Defendant has not satisfied either prong of § 3143(a)(2)(i)-(ii); has not clearly convinced the Court that he no longer is a flight risk or danger to the community; and has failed to clearly show with certainty the current impact of COVID-19 on him personally. Therefore, Defendant's Motion fails.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

        s/ Christopher A. Boyko
        **CHRISTOPHER A. BOYKO**
        **Senior United States District Judge**

**Dated: April 16, 2020**

---

[1] As of April 15, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19, despite the contractor's positive test. (https://drc.ohio.gov/Portals/0/41520202.pdf) (last accessed Apr. 16, 2020).